IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH DEAN DAWSON,   No. CIV S–04-1211-MCE-CMK-P

      Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

LOPEZ, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2004, the court dismissed plaintiff's complaint with leave to amend and also directed plaintiff to submit either a completed application to proceed in forma pauperis or pay the filing fee. Plaintiff filed an amended complaint on September 21, 2004. Plaintiff did not, however, pay the filing fee for this action or submit a completed application to proceed in forma pauperis. On October 13, 2005, the court granted plaintiff an additional 30 days to comply with the remainder of the August 26, 2004, order. More than 30 days have elapsed and plaintiff has not complied.

      The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

1 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
2 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
3 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
4 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
5 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
6 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
7 follow local rules.  See Ghazali, 46 F.3d at 53.

8       Having considered these factors, and in light of plaintiff's failure to comply with
9 court orders and failure to pay the required statutory filing fee, the court finds that dismissal is
10 appropriate.

11       Based on the foregoing, the undersigned recommends that this action be
12 dismissed.

13       These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations."  Failure to file objections within the specified time may waive
18 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20 DATED:  December 4, 2005.

21

22                 _____
                                CRAIG M. KELLISON
23                                 UNITED STATES MAGISTRATE JUDGE

24

25

26